RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 12, 05, 06
BY uh

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALCIDE HARRIS AND JACQUELINE HARRIS | CIVIL ACTION NO. 06-0805 |
| -vs- | JUDGE TRIMBLE |
| TIM JORDAN'S TRUCK PARTS, INCORPORATED, ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before this Court is a Motion in Limine [Doc. # 33] filed by defendants Tim Jordan's Truck Parts, Inc., Gerald Sizemore and Colony National Insurance Company on November 9, 2006. Plaintiffs have filed a Memorandum in Opposition [Doc. # 35] to defendants' Motion in Limine and a Motion to Continue [Doc. # 36] in which they also requested oral argument on defendants' motion. For the reasons discussed below, defendants' Motion in Limine will be GRANTED. Plaintiffs' Motion to Continue and incorporated request for oral argument will be DENIED.

I.  Background

Plaintiff Alcide Harris filed suit against the above enumerated defendants in state court on May 1, 2006 claiming injuries resulting from the alleged negligence of defendant Gerald Sizemore in failing to properly secure a tractor which rolled off a pivoting wrecker trailer on or about June 13, 2005. This suit was removed to federal court on May 15, 2006 based on diversity jurisdiction.

Defendants deny plaintiffs' claims of negligence and this matter is currently set for a jury trial on April 23, 2007 in this Court. Defendants filed the instant Motion in Limine requesting that certain expert reports be excluded from consideration at trial, arguing that these reports contain information related to economic losses not incurred by plaintiffs, but, instead, by two corporations of which plaintiff Alcide Harris is the president and sole shareholder. Plaintiffs oppose the instant motion, alleging that the information contained in the reports in question is proper for consideration due to its relationship to Alcide Harris' claim for loss of future earning capacity and, further, arguing that no claims based on corporate losses are before the Court.

II.     Discussion

La. Civ. Code Art. 24 provides that a corporation is a juridical person possessing a personality, under the law, separate and distinct from that of its members. The corporate form must be carefully utilized. While it conveys many advantages, such as protection from personal liability in certain instances, it also limits the rights available to its members who seek to assert rights on behalf of the corporation. Losses occurring only to a corporation produce rights of action belonging solely to that corporation. Shareholders may not assert these rights individually. *Glod v. Baker*, 02-988 (La. App. 3 Cir. 8/06/03), 851 So.2d 1255, *writ denied* 03-2482 (La. 11/26/03), 860 So.2d 1135.

Plaintiffs contend that they do not seek to assert corporate rights in this suit and that the purpose of the contested reports is to provide a basis for the determination of loss of future earning capacity. *Plaintiff's Memo. in Opp. at p. 2*. Defendants respond by asserting that plaintiffs have confused lost wages with lost earning capacity. *Defendants' Reply to Plaintiff's Memo. in Opp., p. 1*. We agree.

Claims of lost future earning capacity differ substantially from claims for lost wages. Lost wage claims must be calculable with a reasonable degree of certainty and are based on wage records. Lost future earning capacity claims, on the other hand, are mathematically uncertain, as they attempt to glimpse the future. In determining the value, if any, of a claim for lost future earning capacity, this Court must consider factors such as:

- the condition of the plaintiff before the accident;

- the work record of the plaintiff before and after the accident;

- the plaintiff's previous earnings;

- the likelihood of plaintiff to have earned a certain amount but for the accident;

- the amount of work life plaintiff may enjoy after the accident;

- inflation; and

- the employment opportunities plaintiff enjoyed before and after the accident. *Jacques v. Moses*, 98-1389 (La. App. 3 Cir. 1999) 737 So.2d 64, *quoting Batiste v. New Hampshire Ins. Co.*, 94-1467 (La. App. 3 Cir. 1995) 657 So.2d 168.

Plaintiffs seek the inclusion of two expert reports at trial: a report prepared by Dr. Douglas Womack, an economist, and a second report prepared by Mr. Glen Hebert, a vocational rehabilitation expert. Defendants oppose the introduction or reference to, at trial, of the whole of Dr. Womack's report and portions of Mr. Hebert's report.

We must agree with defendants that, even for purposes of proving up plaintiff's claim of lost future earning potential, the contested reports are improper. The best evidence of the wages and type of employment enjoyed by Mr. Harris before the accident cannot come from wages to be paid to another. We cannot say, with any confidence, that the wages (approximately $600 - 700 per week as described in the contested reports) bear any likeness

to those paid to Mr. Harris before the accident. We are curious as to why plaintiffs avidly seek the introduction of such attenuated evidence instead of simply introducing the plaintiff's own pay stubs or income tax records. If this anomaly is the result of plaintiff's attempt to enjoy benefits of the corporate form without its consequences, we cannot aid that achievement. We are also convinced that the jury who will hear the evidence of this matter may be unduly confused by a discussion of losses not incurred by the plaintiff, but instead by his two corporations. Again, such damages are not recoverable in this case, as plaintiff has chosen to file suit as an individual and not under his corporate identities. We see no reason to allow the introduction of evidence demonstrating losses for which the instant plaintiff may not be compensated under Louisiana law.

Plaintiffs also aver that the instant motion is not ripe for decision because they have not yet deposed defendants' expert witnesses and the deadline for such discovery has not yet passed. We find no merit in this argument. The instant motion concerns only the reports of plaintiffs' expert witnesses and in no way reaches the experts offered by defendants. If, in the future, plaintiffs object to some evidence sought to be introduced by defendants' expert testimony, they are free to avail themselves of motion practice as defendants have done presently. We can envision no evidence that would convert corporate claims into individual claims.

III. Conclusion

We find that the expert report of Dr. Douglas Womack and portions of the expert report of Mr. Glen Hebert are not proper for consideration at trial in this matter, as they address losses sustained by plaintiff's corporations and not by him as an individual. The corporations are not parties to this suit, and plaintiff has no standing in his individual capacity

to assert claims for corporate losses. We find, also, that plaintiffs are not entitled to delay the determination of the instant motion due to ongoing discovery as to defendants' expert witnesses, as the instant motion does not concern those experts.

Alexandria, Louisiana

4 December 2006

JUDGE JAMES T. TRIMBLE, JR.
U.S. DISTRICT COURT JUDGE